b

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
ALEXANDRIA DIVISION

ASHTON LEVERT,                                    CIVIL DOCKET NO. 1:25-CV-00020
Plaintiff

VERSUS                                                          JUDGE EDWARDS

LOUISIANA CHRISTIAN                    MAGISTRATE JUDGE PEREZ-MONTES
UNIVERSITY,
Defendants

## MEMORANDUM ORDER

Before the Court are a Motion for Protective Order and Non-Disclosure Relief (ECF No. 19) filed by Plaintiff Ashton Levert ("Levert") and a Motion to Dismiss and Opposition to Motion for Protective Order (ECF No. 28) filed by Defendant Louisiana Christian University ("LCU").

Because Levert has not met her burden, IT IS ORDERED that Levert's Motion for Protective Order and Non-Disclosure Relief (ECF No. 19) is DENIED.

Because the Court has denied Levert's Motion, IT IS FURTHER ORDERED that LCU's Motion to Dismiss and Opposition to Motion for Protective Order (ECF No. 28) is DENIED AS MOOT.

## I.    Background

On January 13, 2025, Levert filed this Title IX action against LCU. ECF No. 1. In relevant part, she alleges that she "was subjected to repeated instances of

inappropriate conduct by Enrico Canella ["Canella"], a professor at the university." *Id.* at 1–2. Canella is not named as a defendant. *Id.*

At some point after Levert filed this action, Canella purportedly posted several comments on a public Facebook post. ECF No. 19-1. Levert asserts that the post discussed her "family business's pending liquor license application and Canella's comments "included mocking, disparaging, and retaliatory remarks clearly directed at [her] and her family." ECF No. 19 at 1–2. She filed this Motion for Protective Order and Non-Disclosure Relief "to address ongoing retaliatory and harassing conduct by" Canella. *Id.* at 1.

In response, LCU filed its Motion to Dismiss and Opposition to Motion for Protective Order. ECF No. 28. LCU urges that Levert's motion should be denied and dismissed because the motion "is procedurally improper and seeks relief not authorized by law." *Id.* at 3.

## II.    Law & Analysis

Federal Rule of Civil Procedure 26(b)(1) provides for the discovery of "any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case." However, "[a] party . . . from whom discovery is sought may move for a protective order[,]" and "[t]he court may, for good cause, issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense." Fed. R. Civ. P. 26(c)(1).

"Protective orders, as the term is used in federal courts, refer to discovery matters." *Williams v. Davis*, No. 18-CV-295, 2019 WL 4781553, at *1 (E.D. Tex. May

2

13, 2019), *report and recommendation adopted*, No. 18-CV-295, 2019 WL 4749814 (E.D. Tex. Sept. 29, 2019). Here, Levert generally urges this Court to issue a protective order prohibiting Canella from publicly commenting on or contacting her or her family, or engaging in retaliatory conduct. ECF No. 19-2 at 4. This relief is neither related to the exchange of discovery nor requested to prevent LCU from seeking certain information from Levert.

Further, the requested relief is injunctive in nature. When confronted with a motion for protective order that seeks injunctive relief, other courts in this circuit have "analyze[d] it as a motion for a temporary restraining order or preliminary injunction under Federal Rule of Civil Procedure 65." *Harmon v. Fat Cat Boatworks, LLC*, No. 22-CV-00074, 2022 WL 20717307, at *1 n.2 (S.D. Tex. May 11, 2022); *see also Members Only Dental, PA v. State Farm Lloyds*, No. 19-CV-00437, 2022 WL 842850, at *1 (E.D. Tex. Mar. 21, 2022) (construing a motion for a protective order that sought to restrain individuals "from contacting or harassing Defendant's counsel, employees, and trial witnesses" as a request for Rule 65 injunctive relief); *Williams v. Davis*, 2019 WL 4781553, at *1 (collecting cases).

The Court finds these cases persuasive. Levert seeks injunctive relief. "Injunctive relief is an extraordinary and drastic remedy, and should only be granted when the movant has clearly carried the burden of persuasion." *Anderson v. Jackson*, 556 F.3d 351, 360 (5th Cir. 2009) (quotation marks omitted). Construing Levert's request under Rule 26(c) would, in effect, allow Levert to receive injunctive relief upon a showing of good cause.

Accordingly, Levert's motion for a protective order is "more properly

3

understood" as a request for Rule 65 injunctive relief and should be construed as such. *Harmon*, 2022 WL 20717307, at *1 n.2.

To obtain a preliminary injunction or temporary restraining order, the movant must establish: (1) a substantial likelihood of success on the merits; (2) a substantial threat of irreparable injury if the injunction is not issued; (3) that the threatened injury if the injunction is denied outweighs any harm that will result if the injunction is granted; and (4) that the grant of an injunction will not disserve the public interest. *Byrum v. Landreth*, 566 F.3d 442, 445 (5th Cir. 2009) (citation omitted). An injunctive order may bind only the parties, the parties' officers, agents, servants, employees, and attorneys, and other persons in active concert or participation with the aforementioned individuals. Fed. R. Civ. P. 65(d).

Levert fails to make the requisite showings. First, Levert has not shown that Canella, a non-party, can be bound by an injunctive order from this Court. Although Levert argues she reasonably believed Canella was acting as an employee or agent of LCU when she filed her motion, she has not established that Canella currently falls within the scope of Rule 65(d). Second, Levert has not addressed the factors set forth above despite having had an adequate opportunity to do so.

In sum, Levert's requested injunctive relief falls outside the scope of a Rule 26(c) protective order. Thus, Levert fails to establish that she is entitled to a protective order under Rule 26(c). Moreover, even construing her motion as a request for Rule 65 injunctive relief, Levert fails to make the requisite showings. Levert has

not met her burden of establishing her entitlement to the requested relief, so her motion should be denied. The denial of that motion renders moot LCU's request to dismiss her motion.

### III.    Conclusion

Because Levert is not entitled to the requested relief, IT IS ORDERED that Levert's Motion for Protective Order and Non-Disclosure Relief (ECF No. 19) is DENIED.

Because the Court denied Levert's Motion, IT IS FURTHER ORDERED that LCU's Motion to Dismiss and Opposition to Motion for Protective Order (ECF No. 28) is DENIED AS MOOT.

SIGNED on Tuesday, May 18, 2026.

_____
JOSEPH H.L. PEREZ-MONTES
UNITED STATES MAGISTRATE JUDGE