b

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
ALEXANDRIA DIVISION

ASHTON LEVERT,                                    CIVIL DOCKET NO. 1:25-CV-00020
Plaintiff

VERSUS                                                        JUDGE EDWARDS

LOUISIANA CHRISTIAN                    MAGISTRATE JUDGE PEREZ-MONTES
UNIVERSITY,
Defendants

---

## MEMORANDUM ORDER

Before the Court are two discovery-related motions filed by Defendant Louisiana Christian University ("LCU"): (1) Motion to Compel Discovery and Supplemental Disclosures (ECF No. 24), and a (2) Motion to Compel Responses to Second Set of Discovery and Pre-Trial Discovery (ECF No. 42).

Because the requested discovery is relevant, IT IS ORDERED that LCU's Motion to Compel Responses to Second Set of Discovery and Pre-Trial Discovery (ECF No. 42) is GRANTED.

Because LCU is the prevailing party, IT IS FURTHER ORDERED that LCU's requests for reasonable expenses incurred in making the Motions to Compel (ECF Nos. 24 & 42) are GRANTED.

## I.    Background

Levert filed a Title IX action against LCU. ECF No. 1. In relevant part, Levert alleges that "repeated instances of inappropriate conduct" by an LCU professor

caused her "significant emotional distress." *Id.* at 2. She purportedly "continues to experience emotional distress . . . due to LCU's mishandling of her Title IX complaint and withdrawal, [LCU's] failure to address her concerns, and the retaliatory actions of her former peers." *Id.* at 4. She seeks, among other things, an award of damages for "[e]motional distress and mental anguish." *Id.* at 7.

The parties exchanged their initial disclosures in August 2025. ECF No. 24-1 at 1–10. LCU notified Levert of three purported deficiencies in her initial disclosures. *Id.* at 9, 14. First, Levert identified certain categories of documents she had in her "possession, custody, or control" that she intended to use to support her claims, but she did not provide copies of those documents or state their location. ECF Nos. 24-1 at 9 & 37 at 5. Second, Levert did not identify her treating mental health providers, stating instead that the names and addresses would be "provided separately under HIPAA-compliant authorization." ECF Nos. 24-1 at 9 & 37 at 4. Third, Levert did not disclose the identities of her "Close Friends/Peers." ECF Nos. 24-1 at 14 & 37 at 4.

On September 3, 2025, LCU requested that Levert supplement her initial disclosures within ten days. *Id.* On September 15, Levert produced the cell phone numbers and full names of her close friends and peers, but she did not provide any addresses. *Id.* at 20. Levert additionally produced medical records from March 12, 2024, and June 3, 2024. *Id.* at 23–35. Those medical records stated Levert had been attending weekly counseling sessions, but Levert did not produce the counseling records. *Id.* at 23, 23. LCU asked Levert to produce the counseling records and addresses for the identified witnesses. *Id.* at 37. Levert's counsel responded that the

counseling records had been requested but not yet received, and she did not have addresses for the identified witnesses. *Id.*

On October 27, 2025, LCU followed up with Levert's counsel on its request for her to supplement her initial disclosures by providing either a copy of supporting documents or their location and the identities of her medical and mental health providers for the last ten years. *Id.* at 42–43. Levert's counsel responded that she would "supplement asap." *Id.* at 43. At a November discovery conference, Levert's counsel agreed to produce the "[m]edical and mental health records and/or identification of providers for 7 years prior to the allegations of the lawsuit." *Id.* at 50.

On November 21, 2025, LCU sent Levert its Interrogatories and Request for Production ("November discovery requests"). *Id.* at 78. A month later, LCU informed Levert that it would initiate a conference if it had not received the requested discovery by then. *Id.* at 93. At a January 12 conference, Levert's counsel agreed to "provide responses to the initial discovery and . . . information responsive to the supplemental disclosures . . . within three weeks." *Id.* at 98.

On February 4, 2026, LCU informed Levert's counsel that it still had not received any response to the November discovery requests. *Id.* at 99. LCU's counsel additionally reminded Levert's counsel that Levert had not supplemented her initial disclosures. *Id.* LCU indicated it would file a motion to compel if it had not received the requested discovery and supplementation by the close of business the next day. *Id.*

On February 10, 2026, LCU filed a Motion to Compel Discovery and Supplemental Disclosures. ECF No. 24. LCU moved the Court to compel responses to its November discovery requests and to compel supplementation of Levert's initial disclosures. *Id.* LCU additionally sought reasonable expenses, including attorney's fees. *Id.* Levert did not file a response.

On February 23, 2026, LCU emailed Levert's counsel its Pretrial Interrogatories and Pretrial Request for Production. ECF No. 42-4. On February 27, LCU emailed a second set of interrogatories. ECF No. 42-5. Levert did not provide responses to these discovery requests. ECF No. 42-3 at 2.

On March 27, 2026, the Court granted LCU's Motion to Compel Discovery and Supplemental Disclosures. ECF No. 41. Levert was given until April 10, 2026, to provide responses to LCU's November discovery requests and to supplement her initial disclosures. *Id.* The Court further found that LCU could be awarded its reasonable costs, including attorney's fees, upon a showing of the reasonable fees and costs LCU had incurred. *Id.*

On March 30, 2026, LCU's counsel notified Levert's counsel that Levert had still not responded to the pretrial discovery requests and second set of interrogatories. ECF No. 42-7 at 3. LCU's counsel scheduled a call for later that day with Levert's counsel "to resolve this issue." *Id.* Levert's counsel did not respond to this email.[1] *Id.* at 1–2; ECF No. 42-3 at 2.

---

[1] Levert's counsel responded to emails earlier that day regarding the scheduled deposition of Natasha Perry Levert. ECF No. 42-3 at 4.

Later that day, LCU filed a Motion to Compel Responses to Second Set of Discovery and Pre-Trial Discovery. ECF No. 42. LCU moves the Court to compel Levert to "completely respond to all of [LCU's] discovery requests within a reasonable time." ECF No. 42-3 at 5. LCU additionally seeks all reasonable costs, including attorney's fees, incurred in filing this motion. *Id.* Levert has not responded.

## II.    Law & Analysis

### A.  Motion to Compel Standard

Federal Rule of Civil Procedure 26(b)(1) governs the scope of discovery. It provides that "[p]arties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case . . . . Information within this scope of discovery need not be admissible in evidence to be discoverable." Fed. R. Civ. P. 26(b)(1).

Federal Rule of Civil Procedure 37 allows a discovering party, on notice to other parties and all affected persons, to "move for an order compelling disclosure or discovery." Fed. R. Civ. P. 37(a)(1). "The moving party bears the burden of showing that the materials and information sought are relevant to the action or will lead to the discovery of admissible evidence." *Van Dyke v. Retzlaff*, No. 4:18-CV-247, 2020 WL 1866075, at *1 (E.D. Tex. Apr. 14, 2020). "Once the moving party establishes that the materials requested are within the scope of permissible discovery, the burden shifts to the party resisting discovery to show why the discovery is irrelevant, overly broad, unduly burdensome or oppressive, and thus should not be permitted." *Id.*

5

Here, LCU moves the Court to compel Levert to respond to its Pretrial Interrogatories and Pretrial Request for Production and its second set of interrogatories. ECF No. 42. The Court has reviewed those requests and finds the information sought is relevant and falls within the scope of permissible discovery. The requests seek information directly related to Levert's claims. Levert has neither shown nor argued that the requested discovery is irrelevant, overly broad, unduly burdensome, or oppressive.

Accordingly, LCU's Motion to Compel Responses to Second Set of Discovery and Pre-Trial Discovery (ECF No. 42) is GRANTED.

### B. Attorney's Fees

Federal Rule of Civil Procedure 37(a)(5)(A) allows a court to award reasonable expenses to the prevailing party on a motion to compel. However, payment may not be awarded if "the opposing party's nondisclosure, response, or objection was substantially justified" or "other circumstances make an award of expenses unjust." Fed. R. Civ. P. 37(a)(5)(A)(ii)-(iii).

Here, LCU requested its reasonable expenses incurred in making both the Motion to Compel Discovery and Supplemental Disclosures (ECF No. 24) and the Motion to Compel Responses to Second Set of Discovery and Pre-Trial Discovery (ECF No. 42). For both motions, LCU is the prevailing party and made good faith attempts to receive this requested discovery without court intervention. Levert has not shown her non-disclosures were justified or an award of expenses would be otherwise unjust.

Accordingly, LCU is entitled to the reasonable expenses incurred in making the Motions to Compel (ECF Nos. 24 & 42).

### III.   Conclusion

Because the requested discovery is relevant and Levert has not shown the requested discovery is otherwise non-discoverable, IT IS ORDERED that LCU's Motion to Compel Responses to Second Set of Discovery and Pre-Trial Discovery (ECF No. 42) is GRANTED. Levert has fourteen days from the issuance of this Order to respond to LCU's Pretrial Interrogatories and Pretrial Request for Production propounded on February 23, 2026, and LCU's Interrogatories propounded on February 27, 2026. Failure to do so may result in sanctions.

Because LCU is the prevailing party, LCU's requests for the reasonable expenses, including attorney's fees, incurred in making the Motions to Compel (ECF Nos. 24 & 42) are GRANTED, and Levert is ORDERED to pay those expenses within fourteen days of the issuance of this Order. If the parties are unable to agree regarding the amount of reasonable expenses, LCU may file a Motion for Fees and Costs pursuant to Rule 37 within twenty-one days of the issuance of this Order. Any opposition to the Motion for Fees and Costs pursuant to Rule 37 is due within seven days of its filing.

SIGNED on Tuesday, June 23, 2026.

JOSEPH H.L. PEREZ-MONTES
UNITED STATES MAGISTRATE JUDGE

7