b

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
ALEXANDRIA DIVISION

ASHTON LEVERT,                              CIVIL DOCKET NO. 1:25-CV-00020
Plaintiff

VERSUS                                                      JUDGE EDWARDS

LOUISIANA CHRISTIAN              MAGISTRATE JUDGE PEREZ-MONTES
UNIVERSITY,
Defendants

---

### MEMORANDUM ORDER

Before the Court is a Motion to Compel, For Attachment of Witness, and for Contempt and Sanctions (ECF No. 43) filed by Defendant Louisiana Christian University ("LCU"). Plaintiff Ashton Levert ("Levert") opposes. ECF No. 46.

Because Natasha Levert was improperly instructed to not answer questions during her deposition, IT IS ORDERED that LCU's Motion to Compel, for Attachment of Witness, and for Contempt and Sanctions (ECF No. 43) is GRANTED IN PART, and Natasha Levert is hereby ORDERED to appear for a second deposition at a mutually agreeable location at a date and time to be set by the parties. The deposition is to be conducted at the cost of Levert's counsel and is limited to questioning related to Levert's pre-existing mental health conditions and previous medical providers.

IT IS FURTHER ORDERED that Levert's counsel must pay LCU the reasonable expenses it incurred in relation to Natasha's original deposition within fourteen days of the issuance of this Order.

LCU's Motion to Compel, for Attachment of Witness, and for Contempt and Sanctions (ECF No. 43) is DENIED IN ALL OTHER RESPECTS.

IT IS FURTHER ORDERED that Levert's request for reasonable expenses pursuant to Federal Rules of Civil Procedure 37(a)(5) and 45(d)(1) (ECF No. 46) is DENIED.

## I.    Background

In April 2025, Levert filed a Title IX action against LCU. ECF No. 1. In relevant part, Levert alleges that "repeated instances of inappropriate conduct" by an LCU professor caused her "significant emotional distress." *Id.* at 2. She purportedly "continues to experience emotional distress . . . due to LCU's mishandling of her Title IX complaint and withdrawal, [LCU's] failure to address her concerns, and the retaliatory actions of her former peers." *Id.* at 4. She seeks, among other things, an award of damages for "[e]motional distress and mental anguish." *Id.* at 7.

On October 20, 2025, LCU deposed Natasha Petty Levert ("Natasha"), Levert's mother. ECF No. 43-8. During the deposition, LCU attempted to inquire into why Levert saw a therapist during the COVID-19 pandemic. *Id.* at 16. Levert's counsel, who does not represent Natasha, objected to this line of questioning, citing "HIPAA privacy." *Id.* LCU's counsel argued that Levert's mental health was at issue in this litigation. *Id.* at 17. Levert's counsel reiterated that Natasha would not answer the

2

question. *Id.* LCU's counsel concluded the deposition, reserving its right to re-depose Natasha. *Id.*

On November 3, 2025, the parties had a discovery conference. ECF No. 43-9 at 1. During this conference, the parties "were unable to reach agreement regarding" LCU's proposed "[r]eexamination of [Natasha] in light of several instructions not to answer [LCU's] questions." *Id.* On January 12, Levert's counsel reiterated that she would not produce Natasha for a second deposition. ECF No. 43-10 at 1.

LCU issued a subpoena to command Natasha to testify at a deposition scheduled for March 6, 2026. ECF No. 43-11 at 11. The subpoena additionally commanded Natasha to "bring with [her] to the deposition . . . any and all documents pertaining to the alleged incidents, including the timeline [she and her] husband generated; any and all written communications, emails, text messages, and screenshots pertaining to the allegations of the lawsuit." *Id.* Natasha's father was served with the subpoena at their home address. *Id.* at 14. Natasha did not appear for that deposition or produce the requested documents. *Id.* at 5–6.

"Because personal service was not effected on [Natasha], [LCU] again requested a subpoena for deposition and records." ECF Nos. 43-3 at 3 & 43-12 at 12. The subpoena commanded Natasha to appear for a deposition scheduled for March 31, 2026, and to bring the same documents identified above. ECF No. 43-12 at 12. On March 19, LCU's counsel informed Levert's counsel that the deposition was going to be moved from March 31 to March 30. *Id.* at 9. On March 24, Natasha was served with the subpoena. *Id.* at 15.

3

On the morning of March 30, Levert's counsel informed LCU's counsel that, "as [they] discussed several times prior," Levert's mother would not appear for a second deposition. ECF No. 43-12 at 18. LCU's counsel responded that the deposition had not been "completed due to [Levert's counsel's] instructions directing [Natasha] not to answer certain questions." *Id.* at 16. LCU's counsel further indicated that LCU intended "to seek relief from the court." *Id.* at 17. Levert's counsel responded that LCU's counsel had elected to "unilaterally end the deposition," and Natasha would not be reappearing. *Id.* at 16. Natasha did not appear for the deposition and did not produce the requested documents. ECF Nos. 43-3 at 3 & 43-12 at 6–7.

Later that day, LCU filed this motion. ECF No. 43. LCU moves the Court to (1) order Natasha to appear for a deposition, (2) order Natasha to produce documents responsive to the subpoena, (3) hold Natasha in contempt, and (4) award LCU its reasonable attorney's fees and costs incurred both in making the motion and for prior failed deposition efforts. ECF No. 43-3 at 6. Levert responds that the motion "is procedurally defective, factually misleading, and should be denied in its entirety." ECF No. 46 at 1. She additionally seeks an award of attorney's fees and costs. *Id.* at 7.

## II.   Law & Analysis

### A. Motion for Contempt Pursuant to Federal Rule of Civil Procedure 45(g)

Federal Rule of Civil Procedure 45 governs the issuance of subpoenas to obtain discovery from non-parties. The Court may "hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena." Fed. R. Civ. P.

4

45(g). Here, no party disputes that LCU personally served Levert with the second subpoena. At issue, then, is whether Levert had an adequate excuse for her noncompliance. She does.

Natasha had already been deposed. As such, LCU was required to obtain leave of court before deposing Natasha again. Fed. R. Civ. P. 30(a)(2)(A)(ii). LCU argues this requirement does not apply because "no deposition, in any meaningful sense, actually occurred." ECF No. 50 at 6–7. However, Natasha and counsel for both parties attended a deposition, and LCU inquired into multiple topics. That a line of questioning may have been foreclosed does not automatically entitle LCU to a second deposition. LCU could, and should have, sought court intervention prior to issuing a subpoena for a second deposition.[1] As such, Natasha's failure to appear is excusable.

Even setting aside LCU's failure to seek leave of court, the subpoena commands Natasha to appear for a deposition on March 31, 2026. ECF No. 43-12 at 12. After the subpoena was issued but prior to it being served on Natasha, LCU rescheduled the deposition for March 30, 2026. *Id.* at 9, 15. LCU provides the Court with no documentation supporting that Natasha was noticed to attend a deposition scheduled for March 30, 2026. For that reason, too, the Court finds her nonappearance excusable.

---

[1] LCU did not seek the Court's assistance during Natasha's deposition because the Court had been unavailable earlier that day. LCU's assumption that the Court was still unavailable does not warrant unilaterally concluding a deposition.

Finally, LCU urges that Levert has no excuse for failing to produce the documents requested in the subpoena despite her "obligation to produce the requested documents as commanded." ECF No. 50 at 9. However, the subpoena issued to Natasha commanded her to bring the documents to the deposition and provided no alternative means of production. ECF No. 43-12 at 12. Her failure to bring documents to a deposition that should not have been scheduled is excusable.

Because Natasha's nonappearance and failure to produce the requested documents is excusable, a finding of contempt is inappropriate. For these same reasons, the Court declines to compel Natasha to comply with the previously issued subpoena.

### B. Request to Re-Depose Natasha and for Sanctions Pursuant to Federal Rule of Civil Procedure 30

Federal Rule of Civil Procedure 30(d)(2) provides that "[t]he court may impose an appropriate sanction--including the reasonable expenses and attorney's fees incurred by any party--on a person who impedes, delays, or frustrates the fair examination of the deponent." "The meaning of 'appropriate sanction' in Rule 30(d)(2) has been broadly interpreted given that the rule does not expressly describe the available sanctions." *MMR Constructors, Inc. v. JB Grp. of LA, LLC*, No. 22-CV-267, 2023 WL 3874008, at *2 (M.D. La. June 7, 2023) (internal quotations omitted). "Many courts have construed Rule 30(d)(2) to apply to circumstances where a party's conduct at a deposition warranted remedial action." *S. Louisiana Ethanol, L.L.C. v. Fireman's Fund Ins. Co.*, Nos. 11-CV-2715 & 12-CV-0379, 2013 WL 1196604, at *8 (E.D. La. Mar. 22, 2013) (collecting cases).

Here, LCU urges that it is "entitled to re-depose [Natasha] as provided by Rule 30(d)(2)" because Levert's counsel "improperly instructed [Natasha] not to answer a line of questioning." ECF No. 43-3 at 5. LCU identifies the following exchange to support its request:

> Q.     Okay. Now, going back to the therapist she saw in North Carolina -- You said it was during Covid, but I don't think I asked why she was seeing a therapist in North Carolina. If you know.
>
> MS. CURLEE:
>
> Objection. But . . .
>
> MS. LEMOINE:
>
> What's the basis of your objection?
>
> MS. CURLEE:
>
> HIPAA privacy.
>
> MS. LEMOINE:
>
> Okay. She has put her mental health at issue in the lawsuit. That's discoverable, because she has put it at issue in the lawsuit.
>
> So can she answer the question?
>
> MS. CURLEE:
>
> No.
>
> MS. LEMOINE:
>
> We're going to conclude the deposition.
>
> We'll just reserve the rights.

ECF No. 43-8 at 16–17.

The Court agrees that Levert's counsel improperly instructed Natasha to not answer LCU's question. "A person may instruct a deponent not to answer *only* when

necessary to preserve a privilege, to enforce a limitation ordered by the court, or to present a motion under Rule 30(d)(3)."[2] Fed. R. Civ. P. 30(c)(2) (emphasis added). Here, there are no court-ordered discovery limitations, and Levert has not presented a motion under Rule 30(d)(3).[3]

Nor was this instruction necessary to preserve a privilege. Assuming Levert's counsel intended to assert a privilege based on the Health Insurance Portability and Accountability Act, Levert's Complaint has placed her mental health at issue. *See e.g.,* ECF No. 1 at 2, 4, 7. Therefore, medical records related to her mental health are "discoverable and not protected by privilege."[4] *Giarratano v. Huntington Ingalls Inc.,* No. 22-CV-88, 2022 WL 16552816, at \*6 (E.D. La. Oct. 31, 2022); *see also Provost v. Home Depot U.S.A.,* No. 22-CV-386, 2023 WL 12282408, at \*3 (N.D. Tex. Apr. 13, 2023) ("Plaintiff's medical records are not privileged as Plaintiff places at issue her own physical and mental condition as part of her claims.").

Because Levert's counsel instruction fell outside the bounds of Rule 30(d)(3), that instruction was improper. Accordingly, this instruction impeded and/or frustrated the fair examination of Natasha. *See* Fed. R. Civ. P. 30(d) 1993 Advisory

---

[2] Levert argues that the information sought is neither relevant nor proportional. ECF No. 46 at 6. However, relevance and proportionality are not grounds for instructing a deponent not to answer a question. Instead, the examination should have been continued and the testimony taken subject to her objection. Fed. R. Civ. P. 30(c)(2).

[3] Levert argues the deposition was disrupted by LCU's improper conduct, but she primarily relies on conduct that purportedly occurred during Levert's deposition. ECF No. 46 at 4–5. That alleged misconduct does not support an instruction not to answer in *Natasha's* deposition. Moreover, to date, Levert has not filed any Rule 30(d)(3) motion based on the purported misconduct.

[4] Notably, Levert does not argue that this information was privileged. ECF No. 46.

Committee's Note ("Directions to a deponent not to answer a question can be even more disruptive than objections.").

Given the foregoing, sanctions are warranted. Natasha must appear for a second deposition at the cost of Levert's counsel. This deposition should be limited to questioning related to Levert's pre-existing mental health conditions and previous medical providers. Other areas of inquiry are foreclosed because of LCU's decision to terminate the deposition. If LCU wishes to explore other areas, it must file a motion for leave to conduct a second deposition explaining its failure to inquire into those areas. The Court further orders Levert's counsel to pay LCU its reasonable expenses related to Natasha's original deposition. *See MMR Constructors, Inc.*, 2023 WL 3874008, at *4 (requiring the payment of costs and expenses incurred for appearing for a terminated deposition and ordering the non-party to appear for a subsequent deposition).

Because LCU failed to obtain court leave before scheduling additional depositions, the Court declines to sanction Levert's counsel by awarding LCU the expenses it incurred in connection with this Motion and the March 6 and March 30 depositions.

### C. Request for Reasonable Expenses

Both parties have moved for their reasonable expenses. LCU invokes Federal Rule of Civil Procedure 37(a)(5). Levert invokes Federal Rules of Civil Procedure 37(a)(5) and 45(d)(1).

### i. Federal Rule of Civil Procedure 37(a)(5)

Rule 37(a)(5)(A) allows a court to award reasonable expenses to the movant if the motion to compel is granted. Fed. R. Civ. P. 37(a)(5)(A). If the motion is denied, Rule 37(a)(5)(B) authorizes the court to require the movant to pay the opposing party's reasonable expenses unless "the motion was substantially justified or other circumstances make an award of expenses unjust." Fed. R. Civ. P. 37(a)(5)(B).

Here, neither party is entitled to an award of expenses. To the extent LCU has brought a Rule 37 motion to compel,[5] that motion has been denied. Further, the Court finds an award of expenses to Levert or her counsel would be unjust given counsel's misconduct at Natasha's deposition. Accordingly, LCU's and Levert's requests for reasonable expenses pursuant to Rule 37(a)(5) are denied.

### ii. Federal Rule of Civil Procedure 45(d)(1)

Rule 45(d)(1) provides that "[a] party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena." Fed. R. Civ. P. 45(d)(1). The Court "must enforce [that] duty and impose an appropriate sanction--which may include lost earnings and reasonable attorney's fees--on a party or attorney who fails to comply." *Id.*

Here, LCU subpoenaed Natasha to appear for a deposition without first obtaining court leave. The issuance of that subpoena was thus misguided. Levert

---

[5] LCU maintains that its motion is governed by Rule 45, not Rule 37. ECF No. 50 at 8. In any event, LCU did not satisfy Rule 37's meet-and-confer requirement, which further necessitates denial of any Rule 37 motion to compel and request for expenses.

requests that the Court sanction LCU by awarding her the reasonable expenses incurred in connection with her opposition to LCU's Motion. ECF No. 46 at 7. The Court does not believe this is an appropriate sanction. The precipitating incident for LCU's Motion was the misconduct of Levert's counsel. The Court declines to award Levert and her counsel for that misconduct. If Natasha has personally incurred any expenses in relation to the opposition, the Court may revisit this issue. But under these circumstances, the Court declines to award the sanction requested pursuant to Rule 45(d)(1).

### III.    Conclusion

For the reasons set forth above,

IT IS ORDERED that LCU's Motion to Compel, for Attachment of Witness, and for Contempt and Sanctions (ECF No. 43) is GRANTED IN PART, and Natasha Levert is hereby ORDERED to appear for a second deposition at a mutually agreeable location at a date and time to be set by the parties. Natasha's appearance should be secured with a subpoena pursuant to Rule 45. The deposition is to be conducted at the cost of Levert's counsel and is limited to questioning related to Levert's pre-existing mental health conditions and previous medical providers.

IT IS FURTHER ORDERED that Levert's counsel must pay LCU the reasonable expenses it incurred in relation to Natasha's original deposition within fourteen days of the issuance of this Order. If the parties are unable to agree regarding the amount of reasonable expenses, LCU may file a Motion for Fees and

Costs within twenty-one days of the issuance of this Order. Any opposition is due within seven days of its filing.

LCU's Motion to Compel, for Attachment of Witness, and for Contempt and Sanctions (ECF No. 43) is DENIED IN ALL OTHER RESPECTS.

IT IS FURTHER ORDERED that Levert's request for reasonable expenses pursuant to Federal Rules of Civil Procedure 37(a)(5) and 45(d)(1) (ECF No. 46) is DENIED.

SIGNED on Tuesday, June 23, 2026.

_____
JOSEPH H.L. PEREZ-MONTES
UNITED STATES MAGISTRATE JUDGE