b

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
ALEXANDRIA DIVISION

| | |
|---|---|
| ASHTON LEVERT,<br>Plaintiff | CIVIL DOCKET NO. 1:25-CV-00020 |
| VERSUS | JUDGE EDWARDS |
| LOUISIANA CHRISTIAN<br>UNIVERSITY,<br>Defendants | MAGISTRATE JUDGE PEREZ-MONTES |

---

### MEMORANDUM ORDER

Before the Court is a Motion for Protective Order and/or to Modify Subpoena Regarding Format of Limited Nonparty Deposition (ECF No. 79) filed by Ashton Levert ("Levert"). Defendant Louisiana Christian University ("LCU") opposes. ECF No. 80.

Because Levert has not demonstrated standing or her entitlement to relief, IT IS ORDERED that Levert's Motion (ECF No. 79) is DENIED. Natasha is ORDERED to appear at an in-person deposition at a mutually agreeable time and place.

### I.    Background

On October 20, 2025, LCU attempted to depose Natasha Petty Levert ("Natasha"), Levert's mother. ECF No. 43-8. During that deposition, Levert's counsel instructed Natasha not to answer questions related to Levert's previous mental health treatment. *Id.* at 16–17. LCU's counsel concluded the deposition. *Id.* at 17.

LCU attempted to conduct a second deposition, but Natasha did not appear. ECF Nos. 43-11 & 43-12.

LCU later moved the Court to order Natasha to appear for a deposition and produce requested documents, hold Natasha in contempt, and award LCU its reasonable costs and fees. ECF No. 43. The Court declined to hold Natasha in contempt. ECF No. 78. However, the Court found that Levert's counsel had impeded and/or frustrated Natasha's deposition by improperly instructing her not to answer questions. *Id.* Accordingly, the Court ordered Natasha to appear for a second deposition at the cost of Levert's counsel. *Id.* The second deposition was limited to questioning related to Levert's pre-existing mental health conditions and previous medical providers. *Id.*

LCU sent Levert's counsel a Notice of Deposition that set Natasha's deposition for July 24, 2026, at 10:00 a.m. in Lafayette, Louisiana. ECF No. 79-2. Levert's counsel responded that the "[t]ime is fine, location is not" and queried as to why the deposition could not be conducted virtually. ECF No. 79-1 at 5. LCU responded that it was "not in a position to conduct the deposition remotely" but could "travel to a location closer to [Natasha]." *Id.* at 4. Levert's counsel asked LCU's counsel to provide "a reasonable explanation of why in-person attendance is necessary." *Id.* at 2. LCU's counsel responded that LCU did not consent to a remote deposition because Natasha "is an important witness with critical information[] and . . . an in-person deposition is appropriate." *Id.* at 1. LCU's counsel offered to move the deposition to a more amenable location. *Id.*

2

Levert now moves for a protective order and to modify LCU's subpoena and re-notice for the second deposition. ECF No. 79. Levert specifically requests that the deposition be conducted remotely. *Id.* at 1. She maintains that a "remote deposition is the least burdensome format and [LCU] has not identified any concrete impediment to remote testimony." *Id.*

## II.    Law and Analysis

Federal Rule of Civil Procedure 45 governs the issuance of subpoenas to obtain discovery from non-parties. The party issuing the subpoena "must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena." Fed. R. Civ. P. 45(d)(1). "On timely motion, [a] court . . . must quash or modify a subpoena" if it "subjects [the subpoenaed] person to undue burden." Fed. R. Civ. P. 45(d)(3)(A)(iv). Additionally, Federal Rule of Civil Procedure 26 allows "[a] party or any person from whom discovery is sought" to move for a protective order. Fed. R. Civ. P. 26(c)(1). The Court "may, for good cause, issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense." *Id.* Ultimately, Levert is not entitled to relief under either Rule.

To begin, Levert does not address at all her standing to request this relief. To have standing under Rule 45, the movant must either (1) possess or control the requested materials, (2) be the subpoenaed person, or (3) have a personal right or privilege in the subpoenaed materials. *See Brown v. Braddick*, 595 F.2d 961, 967 (5th Cir. 1979). "[A] party [may have] standing to move for a protective order pursuant to Rule 26(c) seeking to limit the scope of discovery, even if the party does not have

standing pursuant to Rule 45(d)." *Bounds v. Cap. Area Fam. Violence Intervention Ctr., Inc.*, 314 F.R.D. 214, 218 (M.D. La. 2016). Levert's objections—which are based on an undue burden to her counsel and Natasha—do not confer standing under either standard.

Even assuming Levert has standing to file the instant motion, relief still is not warranted. Under both provisions, the movant must demonstrate that compliance would be unduly burdensome. *See Wiwa v. Royal Dutch Petroleum Co.*, 392 F.3d 812, 818 (5th Cir. 2004) (stating the moving party bears the burden of proof under Rule 45(d)); *In re Terra Int'l, Inc.*, 134 F.3d 302, 306 (5th Cir. 1998) (observing the same for Rule 26(c)). Levert fails to carry that burden here.

First, Levert argues that a remote deposition is the "least burdensome format" for a deposition because it would allow Natasha, who works from home, to "appear briefly, provide sworn testimony, and return to her practice with minimal disruption." ECF No. 79 at 1, 3. But that a remote deposition is *less* burdensome does not mean an in-person deposition is *unduly* burdensome. Moreover, any concerns related to Natasha having to travel for the deposition, *see id.*, appear to be almost entirely mitigated by LCU's request to hold the deposition in a more convenient forum.[1] ECF No. 79-1 at 1. Accordingly, this argument is without merit.

Second, Levert argues "avoidable costs" are "directly relevant" because the Court ordered her counsel "to bear the costs of the limited second deposition." *Id.* at 4. However, all costs related to the second deposition could have been avoided had

---

[1] This is not to say that holding the deposition in Lafayette would impose an undue burden. Levert has not provided the Court with enough information to make that determination.

Levert's counsel did not improperly instruct Natasha during the first deposition. Levert's counsel, by her own actions, required the parties to conduct a second deposition. Any cost the deposition imposes on Levert's counsel is warranted. And, more importantly, this objection is not a valid basis for relief under either Rule 26(c) or 45(d). Accordingly, this argument is without merit.

Finally, Levert argues that LCU's "refusal to identify any concrete impediment to remote testimony has required motion practice and risks increasing costs." *Id.* at 4. However, to receive relief, Levert bears the burden of showing that the in-person deposition is undue. Put differently, LCU is not required to demonstrate that its selected method is the least burdensome or that it has a "concrete impediment" to the method Levert prefers. Therefore, this argument, too, is without merit.

III.    Conclusion

Because Levert has not demonstrated standing or her entitlement to relief, IT IS ORDERED that Levert's Motion (ECF No. 79) is DENIED. Natasha is ORDERED to appear at an in-person deposition at a mutually agreeable time and place.

SIGNED on Friday, July 31, 2026.

_____
JOSEPH H.L. PEREZ-MONTES
UNITED STATES MAGISTRATE JUDGE