UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
ALEXANDRIA DIVISION

| | |
|---|---|
| ASHTON LEVERT | CIVIL ACTION NO. 25-20 |
| VERSUS | JUDGE EDWARDS |
| LOUISIANA CHRISTIAN UNIVERSITY | MAG. JUDGE PEREZ-MONTES |

**MEMORANDUM ORDER**

Before the Court is a Rule 59(e) Motion (ECF No. 85), filed by the plaintiff, Ashton Levert. Because the Motion "rehash[es] evidence, legal theories, [and] arguments" raised in the summary judgment briefing, it is unworthy of this "extraordinary remedy." *See Templet v. HydroChem Inc.,* 367 F.3d 473, 479 (5th Cir. 2004). Accordingly, **IT IS ORDERED** that the Motion is **DENIED**.[1] Louisiana Christian University is relieved of its obligation to respond.[2]

**THUS DONE AND SIGNED** this 16th day of September, 2026.

**JERRY EDWARDS, JR.**
**UNITED STATES DISTRICT JUDGE**

[1] For clarity's sake, we speak only to dispel Plaintiff's misapprehension that her father's testimony that he reported the alleged abuse to Defendants "the day after Ashton came home in January" controverts the more-specific record evidence establishing that date as January 29, 2024. *See* ECF No. 85-1 at 1. Generalized testimony that is reconcilable with more specific evidence does not create a triable fact dispute. *See Bias v. Advantage Int'l, Inc.,* 905 F.2d 1558, 1561–62 (D.C. Cir. 1990).

[2] *See Smith v. Pinchback*, No. C.A. C-02-548, 2006 WL 148897 (S.D. Tex. Jan. 18, 2006) (denying a motion for reconsideration without requiring briefing from the non-movant); *see also Scott v. City of Dallas,* 876 F. Supp. 852, 856–57 (N.D. Tex. 1995) (citing *Russ v. International Paper Co.,* 943 F.2d 589, 591 (5th Cir. 1991), *cert. denied,* 503 U.S. 987 (1992)) ("The nonmovant is not required to respond to the motion until the movant properly supports his motion with competent evidence.").